IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| KENNETH LEE ROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-538 |
| | ) | |
| OAKMONT RESORT CONDOMINIUM | ) | |
| ASSOCIATION, INC., AND TREE TOPS | ) | |
| REAL ESTATE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the court is "Defendant's Motion to Dismiss" [doc. 5] filed by Oakmont Resort Condominium Association, Inc. ("Oakmont"). Plaintiff has filed a response [doc. 12]. In addition, plaintiff has filed a "Motion to Amend Complaint" [doc. 11] that is directly related and responsive to the issues raised in the motion to dismiss. Oakmont has filed a response in opposition to this motion [docs. 16, 17], and plaintiff has submitted a reply [doc. 18]. Also before the court is plaintiff's "Motion to Supplement Memorandum in Response to Defendant Oakmont Resort Condominium Association, Inc.'s Motion to Dismiss and in Support of Plaintiff's Motion to Amend the Complaint" [doc. 15]. Oakmont has filed a response in opposition to this motion [doc. 19]. All of these motions are ripe for the court's consideration.

On January 22, 2005, plaintiff was terminated by defendant Oakmont. Plaintiff filed *pro se* a charge of disability discrimination with the Tennessee Human Rights Commission ("THRC") and received his right to sue letter from the EEOC[1] that was dated August 30, 2005. After obtaining legal representation, plaintiff filed another charge on November 18, 2005, that specified disability and age discrimination.

The complaint in this case was filed on November 22, 2005, and it raises claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; the Tennessee Handicap Act ("THA"), Tenn. Code Ann. § 8-50-103; and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101, *et seq.*

In its motion to dismiss, Oakmont contends that plaintiff has not exhausted his administrative remedies with regard to the second charge of discrimination and that his federal age and disability claims should be dismissed. Oakmont further contends that this court lacks subject matter jurisdiction over plaintiff's ADEA claim because plaintiff had not received a right to sue letter nor had he waited 60 days before he filed this lawsuit on November 22, 2005. In addition, Oakmont argues that plaintiff is not entitled to seek punitive and compensatory damages under the THRA and ADEA and that because all the federal claims should be dismissed, the court should not exercise supplemental jurisdiction

---

[1] The THRC serves as the local agency for the EEOC, and it is authorized to receive charges and complaints. 29 C.F.R. § 1626.10(b) and (c); *Black v. Roadway Express, Inc.*, 297 F.3d 445, 447 (6th Cir. 2002).

over the remaining state law claims. Oakmont also asserts that to the extent plaintiff is making a claim for retaliation in violation of the ADEA or ADA, such a claim should be dismissed because it was not raised in his administrative charge.

In response to Oakmont's motion, plaintiff submitted a memorandum and a motion to amend the complaint. Plaintiff states in his motion to amend the complaint that all administrative remedies have now been exhausted under the ADEA; that plaintiff is not seeking punitive damages under the ADEA or the THRA; that plaintiff is seeking liquidated damages under the ADEA and punitive damages under the ADA; and that plaintiff is not making a claim for retaliation.

In his responsive memorandum, plaintiff also argues that he exhausted his ADA administrative remedies regarding his first EEOC charge because he had received the August 30, 2005 right to sue letter prior to filing suit in federal court and that he has not abandoned that claim. Plaintiff further argues that since the federal claims are not subject to dismissal, it is appropriate for the court to exercise supplemental jurisdiction over the state law claims.

*Plaintiff's ADEA Claim*

The ADEA provides that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). The

3

Sixth Circuit has held that the 60-day requirement is jurisdictional. *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). However, the Sixth Circuit has also held that if an ADEA claim is prematurely filed before the expiration of 60 days, the claim should be dismissed without prejudice. *Id.* at 462.

Plaintiff acknowledges that when his complaint was filed on November 22, 2005, the court lacked jurisdiction over his ADEA claim because the 60-day requirement had not been met, and he agrees that the claim is subject to dismissal. However, plaintiff argues that 60 days have now passed since the ADEA charge was filed and he is entitled to bring the ADEA claim in this court.[2] The court agrees.

The proposed amended complaint asserts that plaintiff has exhausted his administrative remedies concerning his ADEA claim and that this court has jurisdiction over the ADEA claim. The court could dismiss the ADEA claim without prejudice and allow plaintiff to refile the claim once jurisdiction is obtained. Alternatively, the court could allow plaintiff to amend the complaint and assert the ADEA claim now that he has exhausted his administrative remedies and jurisdiction exists. 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1350 (3rd ed. 2004); *see also Alexander v. Hopkins*, 433 F. Supp. 362, 363 (E.D. Tenn. 1976); *Smith v. Intex Recreation Corp.*, 755 F. Supp. 712, 714 (M.D. La. 1991). Plaintiff has already placed before the court a motion to amend the complaint and a proposed amended complaint. The court finds that the most efficient and

---

[2] In addition, plaintiff has now received the right to sue letter regarding his ADEA claim and seeks to add that to the record as an exhibit to the proposed amended complaint. Doc. 15.

best course is to grant plaintiff leave to amend his complaint.

In addition, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." It is within the court's discretion to determine whether a complaint should be amended. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Id.* at 834 (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). There is no showing of any prejudice to the defendant as this case is in its infancy. Justice requires that plaintiff be permitted to amend his complaint as requested. Therefore, plaintiff's motion to amend will be granted.

*Plaintiff's ADA Claim*

Plaintiff clearly exhausted his administrative remedies concerning his ADA claim as he received the August 30, 2005 right to sue letter for his first EEOC charge. He had to file his federal court action concerning that claim within 90 days of receiving the right to sue letter or the claim would have been lost. 42 U.S.C. § 12117(a); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989); *Mayers v. Sedgwick Claims Mgmt. Servs.*, Inc., No. 03-5708, 2001 WL 34561629, at *1(6th Cir. June 10, 2004). There is no indication plaintiff has abandoned his ADA claim, and that claim is properly before the court.

5

*Punitive Damages*

Plaintiff concedes that he cannot recover punitive damages under the THRA and ADEA. The proposed amended complaint seeks punitive damages only under the ADA. Punitive damages are recoverable under the ADA. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 287, 122 S. Ct. 754, 760, 151 L. Ed. 2d 755 (2002); 42 U.S.C. § 1981a(a)2, (d)(1)(B).

*Supplemental Jurisdiction*

None of plaintiff's federal claims are being dismissed, so there is no reason to decline supplemental jurisdiction over the state law claims at this time. Under 28 U.S.C. § 1367, there is a presumption that the court will exercise supplemental jurisdiction unless the exceptions in subsection (c) apply. None of the exceptions apply at this stage of the litigation, and therefore the court will not presently decline to exercise supplemental jurisdiction over plaintiff's state law claims.

Accordingly, for the reasons stated herein, Oakmont's motion to dismiss will be denied. Plaintiff's motion to amend the complaint will be granted as will his motion to supplement the record [doc. 15]. An order consistent with this opinion will be entered.

ENTER:

                                          s/ Leon Jordan
                                   United States District Judge